NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-50

ROBERT S. DINGLE

vs.

MASSACHUSETTS PAROLE BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, who is intellectually disabled, sought parole from his fifteen to twenty year sentence for child pornography convictions. After the Massachusetts Parole Board (board) denied his request, he challenged the decision in an action under G. L. c. 249, § 4. On cross motions for judgment on the pleadings, a judge of the Superior Court ruled in favor of the board. This appeal followed. We affirm.

The plaintiff's criminal history dates back to 1976 and includes convictions for child molestation, indecent assault and battery on a child, indecent exposure, and the child pornography offenses for which he is currently incarcerated. See Commonwealth v. Dingle, 73 Mass. App. Ct. 274 (2008). While incarcerated, beginning in 2011, the plaintiff was the subject

of multiple disciplinary reports, which we have reviewed, for serious infractions.[1]

In 2019, the Department of Developmental Services determined that the plaintiff's intellectual disability qualified him for intellectual disability services.  The plaintiff has an intelligence quotient of about fifty and reads and writes at a kindergarten level.  At the plaintiff's parole hearing, a licensed forensic psychologist who evaluated the plaintiff testified that his inability to complete the sex offender training program and his commission of disciplinary infractions were substantially influenced by his disability.

"Because the granting of parole is a discretionary function of the executive branch, the role of the judiciary generally is limited to ensuring that the board's decision and proceedings are constitutional and consistent with any applicable statutes." Rodriguez v. Massachusetts Parole Bd., 490 Mass. 596, 598 (2022), citing Deal v. Massachusetts Parole Bd., 484 Mass. 457, 460 (2020).  "The board is afforded significant deference with

---

[1] Portions of this case were impounded after the conclusion of the Superior Court proceedings, but the judge's written decision, which includes some information drawn from now-impounded documents, is not impounded.  We mention specific facts only when they are also included in the judge's written decision or other unimpounded materials, reminding counsel that we may lift the impoundment "to the extent necessary in resolving the case." Commonwealth v. Stevenson, 474 Mass. 372, 373 n.1 (2016).

regard to its parole decisions." Deal, supra. Where, as here, a petitioner seeks review under G. L. c. 249, § 4, he must show that the result of the board's hearing "was arbitrary or capricious, unsupported by substantial evidence, or otherwise an error of law." Crowell v. Massachusetts Parole Bd., 477 Mass. 106, 109 (2017). We are mindful that "[n]o prisoner is entitled to parole," id. at 112, and that the board may grant parole only "where it finds, 'after consideration of a risk and needs assessment, that there is a reasonable probability that, if the prisoner is released with appropriate conditions and community supervision, the prisoner will live and remain at liberty without violating the law and that release is not incompatible with the welfare of society.'" Id., quoting G. L. c. 127, § 130. For prisoners with intellectual disabilities, "the board should also consider whether there are risk reduction programs designed to reduce recidivism in those who are [intellectually] disabled." Crowell, supra at 112-113, citing G. L. c. 127, § 130.

The board's decision not to release the plaintiff was supported by substantial evidence and was not an error of law.[2]

---

[2] We are not persuaded by the plaintiff's claim that there is "absolutely no evidence in the record" that the board considered his evidence substantively. The board received both the oral testimony and a written report from the plaintiff's psychologist, but, we may infer, was not persuaded by them in light of the other evidence.

3

The plaintiff's criminal history supported the board's conclusion that he had a "concerning history of sexually deviant behavior"; and his recent history of disciplinary violations while incarcerated further supported the board's implicit conclusion that release was "incompatible with the welfare of society." Crowell, 477 Mass. at 112, quoting G. L. c. 127, § 130. Even had the board accepted the psychologist's conclusions, it was still obligated to "consider whether the symptoms of a prisoner's disability mean that he or she has a heightened propensity to commit crime while released on parole." Crowell, supra at 113. When viewed in the context of the plaintiff's criminal record, disciplinary history, and "high" rating on his most recent Level of Service/Case Management Inventory risk and needs assessment, the board's decision was not error.[3]

Judgment affirmed.

By the Court (Neyman, Grant & Hershfang, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered: June 1, 2023.

---

[3] If we have not discussed other claims raised by Dingle, they "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[4] The panelists are listed in order of seniority.

4